CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

DEC 29 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT CARSWELL,<br>Petitioner, | ) ) ) | Civil Action No. 7:09-cv-00160 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| WARDEN TERRY O'BRIEN, et al.,<br>Respondents. | ) ) | By: Hon. James C. Turk<br>Senior United States District Judge |

Robert Carswell, a federal prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C.. § 2241. The respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, the court dismisses the petition.[1]

Petitioner alleges that he served time twice for the same charges while in state and federal custody. Petitioner believes that his federal sentence began when agents for the United States Marshal Service had him in physical custody on April 21, 1993. Petitioner also requests his immediate release because of sentencing guideline violations and his attorney's failure to note a direct appeal of his criminal conviction.

The respondent filed a motion to dismiss referencing matters outside the pleadings; thus, the court converts the motion to dismiss into a motion for summary judgment.[2] The respondent included the affidavit of a Bureau of Prison ("BOP") Correctional Program Specialist who has access to BOP inmate records in the SENTRY computer database. The specialist avers that SENTRY tracks the status and activities of inmates and SENTRY reflects that petitioner did not

---

[1] The court terminates "USP Lee" as an improper respondent. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

[2] The parties received reasonable and explicit notice of the possibility that the court may convert a motion to dismiss that references matters outside the pleadings into a motion for summary judgment when the Clerk issued a timely Roseboro notice. See Fed. R. Civ. P. 12(d).

exhaust his administrative remedies available to him.

Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. See, e.g., Green v. Federal Bureau of Prisons, No. Civ. A. 7705CV00713, 2006 WL 903229, at * 1 (W.D. Va. Apr. 7, 2006). Failure to exhaust may only be excused by a showing of cause and prejudice. Id. (citing McClung v Shearin, 90 Fed. Appx. 444, 445 (4th Cir. 2004)). The BOP has a three-tiered administrative remedy process "through which an inmate may seek formal review of any issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10, et seq. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R. § 542.15(a). In this case, a review of petitioner's SENTRY records shows that petitioner did not exhaust his administrative remedies as to the manner in which the BOP has calculated his sentence, and petitioner did not aver or demonstrate exhaustion. Accordingly, the court dismisses petitioner's time credit claims without prejudice for failing to exhaust his administrative remedies.

Regarding his claim that his attorney did not file a notice of appeal and the sentencing court erred in its application of the sentencing guidelines, petitioner must bring these claims in a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Motions under § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless the remedy is inadequate or ineffective. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Therefore, a federal inmate may not collaterally attack his sentence under § 2241 unless he demonstrates that the remedy afforded by § 2255 is inadequate or ineffective to test the legality of his detention. Swain v. Pressley, 430 U.S. 372, 381 (1977); In re Jones, 226 F.3d at 333. To demonstrate an inadequate or ineffective remedy under § 2255 and proceed under § 2241, a

petitioner must show that:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Significantly, a procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Petitioner previously filed at least one § 2255 motion, and he does not establish the elements of In re Jones to permit him to collaterally attack his sentence via a § 2241 petition. Accordingly, the court dismisses these § 2255 claims as improperly brought via a § 2241 petition.

For the foregoing reasons, the court grants the respondent's motion, dismisses petitioner's time credit claims without prejudice for failing to exhaust his administrative remedies, and dismisses petitioner's remaining claims with prejudice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER:** This _____ day of December, 2009.

/s/ James C. Turk
Senior United States District Judge